Wood, J.
If it be necessary to specify with certainty the particular goods and chattels which the burglar designs to steal, when the felonious breaking and entry is made with such guilty intention, but he is arrested in his progress before a larceny is actually committed, it appears to us the main object of this statute would be, in a great measure, defeated. Every material averment in an indictment must be proved. The law would not presume an intention to select one article in preference to another. Tho lone thief, who enters the well-filled storehouse or jeweler’s shop, can not reasonably be supposed to enter with the design to abstract the whole that either contains. It would be beyond the ordinary power of man to consummate or his skill to conceal; and it would be *only in case of voluntary confession, in which tho thief should announce the chattels he intended to take, that a conviction could be had, if larceny was not consummated, when the statute makes the breaking and entering, with the intention, tho crime. Upon what principle would it be presumed, if goods and chattels were specified, that they were tho ones intended to be taken, in preference to others? And how could this material fact, thus averred, be proved? Yery few, it is perfectly clear, would be the cases in which it could be done, though the general intent to steal might be perfectly manifest, from the time, manner, and other surrounding circumstances of the entry. We are, therefore, of opinion it is not necessary to the sufficiency of an indictment, under this statute, that it should describe any specific goods and chattels intended to be stolen.
Is it necessary that the indictment should aver the goods and chattels were of any value ? This is a question of more difficulty perhaps to determine, but we incline to the opinion the indictment for this offense is good without it. Though it is safer, as a general rule, to use the identical words of the statute which are descriptive of the offense, it is by no means necessary, provided others of similar import are employed. In the case at bar, the indictment avers the intent to steal the goods and chattels oí Ship-man ; but the statute punishes the intent to steal the property of any value of another, and no objection is taken to the indictment -on this account, and for the reason that goods and chattels are *355 property. They are words, as employed, of the same meaning and import, and fully describe the crime. Nor is it necessary to aver the property was of any value, in the same words in the statute. If it appears, to a certain intent, from the language used, nothing ■more is required by the strictest rules in criminal pleading. It will be seen it is not the amount in value that constitutes an ingredient of the crime. It is of no importance whether it be large ■or small. If any value is attached to the thing intended to be stolen, the crime is complete. If the'tcrjn “property” was used, there would be perhaps more doubt; for a *man may have a bare property in dogs or animals, which are, by the rules of the common law, of no intrinsic value, and, though trespass will lie for taking them, they are, it is said, not the subject of larceny. But goods and chattels, ex vi termini, import value. It appears as manifestly, therefore, from this indictment, that the intent was to steal property of value as if the goods and chattels were laid to be of value in so many words; for nominal value is, in fact, understood as necessary to constitute goods and chattels.
The third objection is, that the warehouse is not properly described. Is it so? A good criminal pleader will never attempt more certainty than the law requires, for fear that, in the minuteness of detail, he may, by chance, misdescribe in some essential particular, which would be a fatal error. The warehouse is averred to be within the jurisdiction of the court, to wit, “at the county of Scioto,” and to be the warehouse of one William Maddox, and, we think, it was not necessary to specify the township, hamlet, or village, within which it was located, any more than the road or water-course by which it stood. The laws of this state appear to us to throw sufficient protection around the accused to guard vigilantly all his rights, and secure him a fair and impartial trial; and when this is done, the court ought not, by an unwise astuteness, in the' application of overstrained principles, and hair splitting technical objections, to cheat the law of its victim, and thereby give encouragement to villainy and crime.
A bill of exceptions was taken, during the trial, to the charge of the court. From this it appears that the evidence of the state being closed, the counsel for the plaintiff in error, among other things, asked the court to charge the jury that, as no evidence had been given, on the part of the state, to prove the goods and chattels laid in the indictment were of any value, tho plaintiff in *356 error could not be convicted. This charge the court refused, but. did charge the jury that, as no value was laid in the first count, it was unnecessary for the state to prove any value, and that the-plaintiff in error might be convicted without such proof.
*This opinion of the court is also assigned for error. Ween lertain no doubt, however, the charge was correct, and for the same reasons, substantially, which wc have given for our opinion, that tho court of common pleas did not err in overruling the-motion in arrest of judgment, for the second cause assigned that, goods and chattels, from the natural signification of the words, import value, nominal, at least, and no proof was therefore required.
In larceny the rule is different. Yaluo must be laid, and value proved, that the jury may find it, and the court, by that means, know whether it is grand or petit, and apply tho grade of punishment the statute awards. It is not so in the case at bar. The judgment of the common pleas is affirmed, with costs. Judgment affirmed.